IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-02-CR-0206-K<br>NO. 3-10-CV-0721-K |
| JAMES BENJAMIN PUCKETT | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant James Benjamin Puckett, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

On September 18, 2003, defendant pled guilty to one count of bank robbery and one count of possession of a firearm during a crime of violence. Under the terms of the plea bargain, the government agreed that defendant "has demonstrated acceptance of responsibility and thereby qualifies for a three-level reduction in his offense level." (Plea Agr. at 3, ¶ 8). The government further agreed to request a sentence "at the lowest end of the guideline level deemed applicable by the Court." (*Id.* at 3, ¶ 9). Consistent with the plea agreement, the government filed a motion for reduction of the offense level. Two months after pleading guilty but before sentencing, defendant suffered a seizure and was diagnosed with a benign brain tumor. As a result of his medical condition and related issues,[1] sentencing was postponed for more than two years. When defendant was finally

---

[1] Following his diagnosis, defendant filed a "Claim of Ineffective Assistance of Counsel" on the grounds that, *inter alia*, his attorney failed to investigate his brain disease and failed to pursue a defense based on diminished capacity or mental defect. Defendant also sought to withdraw his guilty plea. The district court denied both motions.

sentenced in May 2006, the government objected to any reduction in the offense level for acceptance of responsibility. (*See* Sent. Tr. at 5). That change of position was based on an addendum to the PSR which noted that, while in custody awaiting sentencing, defendant helped another inmate defraud the U.S. Postal Service. (*See* Suppl. PSR Add. at 1-2, ¶ 26a). Although defense counsel objected to the supplemental PSR addendum, he did not object that the government breached its agreement that defendant qualified for a three-level reduction for acceptance of responsibility. (*See* Sent. Tr. at 4-6). The court declined to reduce the offense level, but did agree to sentence defendant at the low-end of the advisory guideline range. (*See id.* at 6). Punishment was assessed at 262 months on the bank robbery count and 84 months on the gun count, to be served consecutively as required by law,[2] for a total of 346 months confinement. His conviction and sentence were affirmed on direct appeal. *United States v. Puckett*, 505 F.3d 377 (5th Cir. 2007), *aff'd*, ___ U.S. ___, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Defendant then filed this motion under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant contends that: (1) the trial court violated his right to due process by failing to order medical tests to determine whether he was competent to enter a guilty plea; (2) the probation officer violated his Fifth Amendment rights by failing to give him *Miranda* warnings prior to a presentence interview; and (3) he received ineffective assistance of counsel.

---

[2] The relevant statute provides:

> [N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(D)(ii).

## A.

The court initially observes that defendant waived his right to seek post-conviction relief on any ground, except ineffective assistance of counsel. As part of the plea agreement in this case:

> Puckett hereby expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and he further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. Puckett, however, reserves the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment, an upward departure, or an arithmetic error at sentencing, and to challenge the voluntariness of his plea of guilty or this waiver.

(Plea Agr. at 3, ¶ 10).[3] The Fifth Circuit has held that a defendant may waive his right to appeal or to seek post-conviction relief provided the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Here, the waiver provision was specifically pointed out to defendant at rearraignment. (*See* Rearraign. Tr. at 7, 9, 10-11). Defendant acknowledged the waiver and said he understood that he could not appeal or otherwise challenge his sentence except on the limited grounds set out in the plea agreement. (*Id.* at 10-11). To the extent defendant argues that he was not competent to plead guilty because he suffered from a brain tumor, that argument was considered and rejected on direct appeal. As the Fifth Circuit noted:

> At rearraignment the district court questioned and advised Puckett thoroughly concerning the details and consequences of his plea. Puckett stated repeatedly that he understood the proceedings and acknowledged his guilt. The district court's finding that his plea was intelligent and voluntary was well-supported by the record, and Puckett introduces no evidence to show otherwise. He claims his tumor caused him headaches and nausea in the months prior to his plea, but shows no proof that his mental capacity was in any way impaired. Rather, the record indicates that the tumor was benign, that

---

[3] The waiver proposed by the government included language that would have precluded defendant from challenging his sentence "on any ground including claims of ineffective assistance of counsel[.]" However, that language was stricken from the final plea agreement. (*See* Plea Agr. at 3, ¶ 10).

> it did not affect the existing brain tissue, and did not impair Puckett's
> ability to enter a knowing and voluntary plea.

*Puckett*, 505 F.3d at 382-83. Defendant may not relitigate the validity of his guilty plea in a section 2255 proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986). Because defendant knowingly and voluntarily waived his right to seek post-conviction relief on any ground other than ineffective assistance of counsel, his other claims are barred from collateral review.

### B.

Defendant contends that he received ineffective assistance of counsel because his attorney: (1) failed to request a competency hearing prior to his guilty plea; (2) did not investigate a potential defense based on diminished capacity or mental defect; (3) failed to attend the entire presentence interview with the probation officer or advise him of his *Miranda* rights prior to the interview; and (4) did not object at sentencing that the government breached the plea agreement.

### 1.

The court summarily rejects all but one of these claims. On direct appeal, the Fifth Court held there was no proof that defendant's mental capacity was in any way impaired. *See Puckett*, 505 F.3d at 382-83. In view of that determination, counsel was not ineffective for failing to request a competency hearing. Nor was counsel ineffective for failing to investigate a potential defense based on diminished capacity or mental defect. In rejecting a similar claim on direct appeal, the Fifth Circuit wrote:

> Puckett's attorney filed numerous requests with the district court for neurological evaluations, transportation to those evaluations, and delays in sentencing so that examination results could be gathered and reviewed. The district court granted these requests, and sentencing was postponed almost two years beyond the date Puckett's brain tumor was removed. Ultimately, these examinations failed to

> produce evidence that would support a diminished capacity defense.
> Puckett has not identified any legitimate argument, legal or factual,
> that his attorney failed to pursue.

*Id.* at 388. Although defendant now criticizes his lawyer for failing to interview more than 40 witnesses who might have supported such a defense, he does not identify any of the witnesses, specify what the interviews would have revealed, or explain how the testimony of these witnesses would have changed the outcome of the case. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (standard for establishing ineffective assistance of counsel based on complaints of uncalled witnesses). Likewise, defendant cannot establish that he received ineffective assistance of counsel in connection with his presentence interview. A defendant has no constitutional right to counsel during an interview by a probation officer, and *Miranda* warnings are not required to be given prior to a such an interview. *See Brown v. Butler*, 811 F.2d 938, 940-41 (5th Cir. 1987). These grounds for relief should be overruled.

2.

Defendant also criticizes his attorney for failing to object at sentencing that the government breached the plea agreement. Instead, counsel raised this issue for the first time on direct appeal. Although the government conceded in its brief that "the prosecutor's objection at sentencing to Puckett receiving a reduction for acceptance of responsibility was contrary to the government's obligation as stated in the Plea Agreement[,]" *see United States v. Puckett*, No. 06-10543, 2007 WL 5040023 at *21 (5th Cir., filed Jan. 22, 2007), the Fifth Circuit determined that reversal was not required because under a "plain error" standard of review, defendant failed to make the necessary showing of prejudice. According to the appeals court:

> It is clear that the [district] court denied Puckett a reduction because
> he admitted he committed another crime while in custody. When
> Puckett asked the court nonetheless to find that he had accepted

> responsibility, the district court replied it was "so rare to be unknown" that a defendant with subsequent criminal activity would receive such a reduction. Puckett has made no showing that, absent the government's recommendation, the district court would have disregarded his criminal conduct and granted the reduction for acceptance of responsibility. The record indicates exactly the opposite. Absent proof of prejudice, Puckett cannot establish plain error and is not entitled to relief on a forfeited objection.

*Puckett*, 505 F.3d at 386. The court went on to suggest that its decision might have been different had counsel timely objected to the government's breach of the plea agreement. In that event, defendant's claim would have been reviewed under *United States v. Valencia*, 985 F.2d 758 (5th Cir. 1993), which requires reversal any time a plea bargain is breached. As the court explained:

> By adhering to plain error review, we do not disagree with *Valencia*'s observation that the government should not be permitted to "make a plea bargain attractive to a defendant, subsequently violate the agreement[,] and then argue harmless error, thereby defrauding the defendant." Criminal defendants should be, and are, protected against such abuse: *in every case, a defendant may object at sentencing if the government is violating a plea agreement. Error thus preserved is entitled to review under the* Valencia *standard.*

*Puckett*, 505 F.3d at 386 (internal citation omitted) (emphasis added). The Fifth Circuit's decision was affirmed by the U.S. Supreme Court on certiorari review. In so holding, the Supreme Court noted that defense counsel had forfeited error by failing to object to the breach of the plea agreement, thus foreclosing automatic reversal and remand. *See Puckett*, 129 S.Ct. at 1428-30, *citing Santobello v. New York*, 404 U.S. 257, 262-63, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427 (1971).

Even if counsel was deficient in failing to object to the government's breach of the plea agreement, defendant cannot prove that he was prejudiced thereby -- i.e., that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). Had counsel timely objected at sentencing, his claim would have been

preserved for appellate review. There is also a possibility that the trial court would have sustained the objection in the first instance. But there is no reason to believe that defendant would have received a lesser sentence had the government complied with its obligations under the plea agreement by recommending a three-level reduction for acceptance of responsibility. First, the sentencing judge made clear that he was not inclined to reduce the offense level. When defense counsel asked for a three-level reduction for acceptance of responsibility, the judge responded, "I'd have to say it's so rare to be unknown around here where one has committed a crime subsequent to the crime for which they appear before the court and for them even then to get the three points. Tentatively, I'm going to tell you I'm not going to do that." (Sent. Tr. at 6). Second, under the Sentencing Guidelines, a defendant is not entitled to a reduction for acceptance of responsibility unless he "voluntarily terminat[es] or withdraw[s] from criminal conduct or associations." U.S.S.G. § 3E1.1, cmt. n.1(b); *see also United States v. Franks*, 46 F.3d 402, 406 (5th Cir. 1995) (defendant who continued to engage in criminal conduct while free on bond was not entitled to three-level reduction for acceptance of responsibility). In view of the judge's remarks at sentencing and the applicable law, the court is unable to conclude that defendant was subjected to increased jail time due to the deficient performance of his attorney. This ground for relief should be overruled.

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE